IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUAN DOE., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-1559 (MN) |
| ) | |
| DELAWARE STATE UNIVERSITY ) | |
| BOARD OF TRUSTEES and CANDY ) | |
| YOUNG in her individual capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this 21st day of May 2021:

On November 20, 2020, Plaintiff Juan Doe ("Plaintiff" or "Doe") sued Defendants Delaware State University ("DSU") Board of Trustees ("the Board") and Candy Young, in her individual capacity ("Young," together with the Board "Defendants") for: allegedly violating Plaintiff's rights under Titles VI and IX and Section 1981 of the Civil Rights Act; allegedly violating Plaintiff's Fourteenth Amendment rights; breach of contract; allegedly violating the Delaware Deceptive Trade Practices Act; alleged negligent hiring; alleged negligent infliction of emotional distress; and alleged premises liability for third-party criminal activity . (D.I. 1). On November 23, 2020, Plaintiff filed the instant motion for a Temporary Restraining Order and Preliminary Injunction. (D.I. 6). On December 10, 2020, Defendants filed their answering brief in opposition to Plaintiff's motion. (D.I. 17). Briefing was completed with the filing of Plaintiff's reply brief on December 16, 2020. (D.I. 19). After review of all materials submitted by the parties, IT IS HEREBY ORDERED that Plaintiff's motion (D.I. 3) is DENIED.

I.      **Background**

Plaintiff is a heterosexual man of Latino race and Mexican national origin. (D.I. 1 ¶¶ 3). At the time of the events giving rise to this matter, Plaintiff was a student enrolled at DSU, a Historically Black College/University. (D.I. 1 ¶ 11). In December 2019, Plaintiff was suspended for one year and fined by DSU after an adjudicative panel found Plaintiff committed sexual misconduct in an incident involving an unnamed female student (hereinafter "Roe") that took place on November 15-16, 2019. (*Id.* ¶¶ 55, 65; *see generally passim*). On December 11, 2019, without the aid of counsel, Plaintiff appealed the panel's decision in writing on the grounds that he did not receive due process[2] with regard to the hearing that resulted in his suspension. (D.I. 1 ¶ 65; D.I. 1-10). Plaintiff's appeal was denied on December 19, 2019. (D.I. 1 ¶ 69; D.I. 1-11).

While serving his suspension, on June 6, 2020, Plaintiff filed a complaint with DSU's Title IX office averring that Roe had in fact assaulted him on November 15-16, 2019, not the other way around, and that Plaintiff was subsequently discriminated against by DSU police and Defendant Young. (D.I. 1 ¶ 88; D.I. 1-2). On August 10, 2020, DSU's Title IX office informed Plaintiff that it was unable to conclude that either Roe or Defendant Young committed a policy violation with regard to the November 15-16, 2019 incident or DSU's subsequent handling thereof. (D.I. 1 ¶¶ 91, 92; D.I. 1-12).

Plaintiff filed this case on November 20, 2020, alleging that DSU, through its Board and Defendant Young, discriminated against Plaintiff based on his race and gender, and in doing so violated both this contract with DSU and his civil rights. (*See generally* D.I. 1).

---

[2]     Plaintiff, a non-attorney, did not use the phrase "due process," in filing his appeal, the appeal concerns Plaintiff's inability to present or access evidence before the panel at Plaintiff's hearing.

On November 23, 2020, Plaintiff filed the instant motion, seeking a Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. (D.I. 6). Plaintiff seeks an injunction: (1) immediately reversing his suspension and allowing him to enroll in DSU as a member of the community "in good standing;" (2) expunging the adjudicative finding that Plaintiff violated DSU policies with regard to the events of November 15-16, 2019; (3) forcing DSU to appoint a new, independent investigator should DSU choose to proceed with investigating Roe's allegations against Plaintiff; and (4) ordering the destruction of all investigative materials and notes related to the incident generated by Defendant Young or the previous investigative team. (*Id.*)

## II.   Legal Standard

Preliminary injunctive relief is a drastic and "extraordinary" remedy that is not to be routinely granted and is appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). A preliminary injunction (or temporary restraining order)[3] may be granted only if the moving party shows (1) a likelihood of success on the merits, (2) irreparable harm if an injunction is not granted, (3) the balance of equities tips in favor of the moving party, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Osorio-Martinez v. Attorney Gen. United States of Am.*, 893 F.3d 153, 178 (3d Cir. 2018). The court "cannot grant a preliminary injunction unless the moving party establishes **both** a likelihood of success on the merits and the existence of irreparable harm without the injunctive relief." *Waters Corp. v. Agilent Technologies Inc.*, 410 F. Supp. 3d 702, 707 (D.

---

[3]   A request for a temporary restraining order is subject to the same standard as a request for a preliminary injunction. *See Intercept Pharm., Inc. v. Fiorucci*, No. 14-1313-RGA, 2016 WL 6609201, at *1 (D. Del. Jan. 28, 2016).

3

Del. 2019). "[T]he burden rests upon the moving party to make these two requisite showings . . . ." *Bennington Foods LLC v. St. Croix Renaissance, Gp., LLP.*, 528 F.3d 176, 179 (3d Cir. 2008).

An injunction is "mandatory" if such an injunction would "alter the status quo by commanding some positive act." *Pub. Interest Legal Foundation v. Boockvar*, 2020 WL 6144618, at *2 (M.D. Pa. Oct. 20, 2020). Mandatory injunctive relief is only to be granted sparingly, being appropriate only "in the most unusual case." *Trinity Industries, Inc. v. Chicago Bridge & Iron Co.*, 735 F.3d 131, 139 (3d. Cir. 2013) (citing *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972)). When seeking a mandatory injunction, the burden on the moving party is "particularly heavy," and the movant's right to relief must be "indisputably clear." *Id.*

### III. Discussion

Plaintiff seeks a mandatory injunction, not one to maintain the status quo, and must therefore overcome a "particularly heavy" burden. Even were he not, however, Plaintiff has failed to make a clear showing of irreparable harm such that he is entitled to this extraordinary remedy. Accordingly, Plaintiff's motion will be denied.

#### 1. Plaintiff Has Not Shown Irreparable Harm

"A party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm if the preliminary injunction is not granted and there is a causal nexus between the alleged infringement and the alleged harm." *Waters Corp.*, 410 F. Supp. 3d at 713 (quoting *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017)). The moving party must demonstrate that the irreparable harm is immediate and not merely a possibility that may occur at some point in the future. *See Winter*, 555 U.S. at 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction . . . . Issuing a preliminary injunction based only on a possibility of

4

irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy . . . ." (emphasis in original)).  Importantly, irreparable harm must be "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994).  The moving party must make a "clear showing" of the risk of irreparable harm to obtain the injunctive relief. *See Winter*, 555 U.S. at 22 (2008).

Plaintiff asks this Court for an order: (1) immediately reversing his suspension and allowing him to enroll in DSU as a member of the community "in good standing;" (2) expunging the adjudicative finding that Plaintiff violated DSU policies with regard to the events of November 15-16, 2019; (3) forcing DSU to appoint a new, independent investigator should DSU choose to proceed with investigating Roe's allegations against Plaintiff; and (4) requiring the destruction of all investigative materials and notes related to the incident generated by Defendant Young or the previous investigative team. *See* D.I. 6 at 2-3.  As each of these actions would change the status quo, not maintain the status quo, Plaintiff seeks a mandatory injunction and therefore must carry a "particularly heavy" burden. *See Trinity Industries, Inc.*, 735 F.3d at 139.

Plaintiff sets forth several alleged harms in his opening brief (*see* D.I. 7 at 14-15) but fails to allege the type of harms necessary to carry his burden.  Plaintiff asserts that without injunctive relief, no graduate school will admit him, he will be unable to transfer out of DSU, and that "his career is over." (*Id.* at 14).  These are harms, however, that can be remedied with final injunctive relief – particularly because Plaintiff has not alleged that he has applied to transfer from the school or to enroll in a graduate program and that such applications are pending and awaiting the outcome

5

of this proceeding. Plaintiff, should he succeed at trial, will be able to return to school or apply to transfer to another school, and eventually begin or resume his career.[4]

Moreover, Plaintiff did not file this motion until November 23, 2020, at which point he had already been suspended for almost a year, ostensibly missed two semesters, and had not yet moved DSU to allow his return to campus. (*See generally* D.I. 1). Although delay, standing alone, is "perhaps insufficient to preclude a showing of irreparable harm altogether . . . delay [is] still a significant factor which, when combined with other factors at issue, preclude[s] the plaintiff from showing irreparable harm." *Chestnut Hill Sound Inc.*, 2015 WL 6870037 at \*4; *accord Lanin v. Borough of Tenafly*, 515 Fed. App'x 114, 118 (3d Cir. 2014) (affirming trial court's reliance on movant's lengthy delay in seeking a preliminary injunction as "sufficient proof that the risk of immediate irreparable harm did not exist"). Plaintiff's delay tends to further weigh against a finding of immediate irreparable harm, albeit only slightly.

Several of the harms that Plaintiff identifies have, by his own words, already occurred. Plaintiff cannot rely on past harms to sustain his burden. *See, e.g. Doe v. Univ. of Scis.*, 2020 WL 5211028, at \*3 (E.D. Pa. Sept. 1, 2020) (concluding "Doe's allegations that he will suffer damage to his reputation, will be 'prevent[ed] him [sic] from competing athletically,' and lose his scholarship, *are immaterial to the irreparable harm analysis at this time as they are past harms*") (emphasis added) (citation omitted).

In the first instance, Plaintiff alleges that Juan "is now labeled a sexual predator." (D.I. 7 at 14). Plaintiff's chosen tense ("is now labeled" as opposed to "will be labeled") indicates that this harm has already occurred and cannot therefore be sure to occur imminently absent this

---

[4] Although this Court did not consider events outside the motion papers and the pleadings in rendering its decision, it appears that Plaintiff has declined to apply for reenrollment at DSU despite the conclusion of his suspension.

Court's immediate intervention. Secondly, Plaintiff alleges that he "has also suffered irreparable reputational harm." (*See id.* at 16). If Plaintiff has already suffered irreparable reputational harm, however, then: (1) that harm has already occurred (as opposed to a claim that Plaintiff "will suffer irreparable reputational harm") and cannot be prevented by this Court's immediate intervention; and (2) as that harm is irreparable and has already occurred, this Court cannot do anything to prevent it. As these harms have already occurred, they cannot be *prevented* by injunctive relief. Even if the harms alleged can be *cured* by injunctive relief, they are amenable to such equitable relief whether ordered now or after Plaintiff potentially succeeds at trial.

### 2. The Remaining Factors

Because Plaintiff has failed to establish that he would suffer irreparable harm without injunctive relief, this Court need not reach the remaining factors in the four-part analysis. *See Bennington Foods LLC*, 528 F.3d at 179 ("As we find that . . . there is no possibility of irreparable harm on the record before us, there is no need to analyze the other prongs of the test."). The absence of irreparable harm is alone a sufficient basis to deny Plaintiff's request for a temporary restraining order and preliminary injunction. *See, e.g.*, *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. 15-819-LPS-CJB, 2016 WL 4770244, at *7 (D. Del. Aug. 12, 2016) ("In light of the court's conclusion below that Plaintiffs have not sufficiently demonstrated [irreparable harm], no injunction could issue. And so, an assessment of Plaintiffs' likelihood of success on the merits is not required for purposes of resolving the Motion."); *Chestnut Hill Sound Inc.*, 2015 WL 6870037 at *2 ("Because I find, however, that CHS has not shown that it will suffer irreparable harm if a preliminary injunction is not granted, an assessment of CHS's likelihood of success on the merits is not necessary to the adjudication of CHS's motion.").

## IV. <u>Conclusion</u>

For the reasons listed above, Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 6) is DENIED.

                                                          */s/ Maryellen Noreika*
                                                          The Honorable Maryellen Noreika
                                                          United States District Judge